IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**FALCON OWENS,**

              Plaintiff,

      v.                                          **Civil Action No.: 5:22-CV-271**
                                                        Judge Bailey

**TIMOTHY TIBBS,**
**MICHAEL COSTELLO,**
**SHANNON SAMS,** and
**SUPERINTENDENT JOSEPH WOOD,**

              Defendants.

## REPORT AND RECOMMENDATION

### I. Background

Plaintiff initiated this action on September 8, 2022, by filing a Complaint under 42 U.S.C. § 1983. Plaintiff is an inmate in the state of Ohio who at the time of the allegations in this case was incarcerated at at North Central Regional Jail and Correctional Facility ("NCJR"). On December 16, 2022, defendants Sams and Wood filed a Motion to Dismiss Plaintiff's Complaint, [Doc. 20], along with a memorandum in support. On December 22, 2022, plaintiff filed a response to the Motion, [Doc. 2], and on December 28, 2022, defendants Sams and Wood filed a reply [Doc. 23]. The Motion is now fully briefed and ripe for decision. The matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the

Motion be granted and that this case be dismissed for failure to exhaust administrative remedies.

## II. The Complaint

According to the Complaint, at the time of the allegations in this case, plaintiff was a pre-trial detainee incarcerated at NCRJ. [Doc. 1 at ¶ 3]. Defendants are individuals employed at the NCRJ: defendant Wood is the Superintendent, defendants Costello and Tibbs were correctional officers, and defendant Sams was a captain. [Id. at ¶¶ 4–7]. The Complaint alleges that on May 4, 2022, defendant Costello, without justification, deployed oleoresin capsicum spray ("OC spray") in multiple bursts in plaintiff's cell. [Id. at ¶¶ 24–30].

The next morning, on May 5, 2022, plaintiff and his cellmates were taken to cell 10 on Unit A8, which was being used as a segregation unit. [Id. at ¶ 37]. The same day, after another inmate yelled at defendant Costello, defendant Tibbs entered the unit, began shouting, approached plaintiff's cell, and deployed two cans of OC spray through the bean hole of the cell. [Id. at ¶¶ 40–48]. The Complaint further alleges that despite being held in segregation until May 26, 2022, plaintiff received no write-up justifying the segregation, and that this was part of a wider "Step Down Program" being run at NCRJ either formally or informally. [Id. at ¶ 54, 61–62]. While in segregation, plaintiff was denied access to hygiene products such as shampoo and toothpaste, clean linens and clothing, regular showers, recreation, and religious materials which were taken from him in the move to segregation. [Id. at ¶¶ 69–74].

The Complaint further alleges that defendants denied plaintiff access to his criminal defense attorney, preventing him from meaningfully participating in his trial

preparation. [Id. at ¶¶ 89–90].

The Complaint raises eight claims for relief. First, plaintiff brings a claim against defendants Costello, Sams, and Wood for excessive force in relation to the May 4, 2022 incident; plaintiff alleges that defendants Sams and Wood explicitly or tacitly condoned the actions of defendant Costello. Second, plaintiff brings a claim against defendants Tibbs, Sams, and Wood for excessive force in relation to the May 5, 2022 incident; plaintiff likewise alleges that defendants Sams and Wood explicitly or tacitly condoned the actions of defendant Tibbs. Third, plaintiff brings a claim against all defendants for violations of his due process rights in relation to placing him in disciplinary segregation. Fourth, plaintiff brings a claim for violation of his right to be free from punishment as a pretrial detainee as it relates to the deprivations suffered while in segregation. Fifth, plaintiff alleges all four defendants violated his Sixth Amendment right to effective assistance of counsel by denying him the opportunity to speak with counsel. Sixth, plaintiff alleges all four defendants violated his First Amendment right to free speech by denying him the ability to communicate with his attorney. Seventh, plaintiff alleges that all four defendants violated his First Amendment right to freedom of religion by denying him a Bible for several weeks while in segregation. Finally, plaintiff asserts a claim for assault and battery against defendants Tibbs and Costello.

### III. Motion to Dismiss

In their memorandum in support of the motion, defendants Sams and Wood argue, first, that plaintiff's claims should be dismissed because he has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Second, they argue that Counts I and II should be dismissed as to defendants Sams and

Wood because there are no allegations that they used excessive force against plaintiff. Third, they argue that there are insufficient facts to support a claim against them for deliberate indifference to excessive force employed by defendants Tibbs and Costello. Fourth, they argue that Count III should be dismissed against them because plaintiff has not alleged that they denied plaintiff due process. Fifth, they argue that claim IV fails to state a claim against them because plaintiff has not alleged conditions that rise to the level of a Fourteenth Amendment violation. Sixth, they argue that plaintiff's Sixth Amendment claim fails because the Complaint does not allege that either Sams or Wood personally denied plaintiff access to his attorney. Seventh, they argue that for the sames reasons, plaintiff's First Amendment free speech claim fails. Eighth, they argue that plaintiff's First Amendment claim for denial of religious materials should be dismissed because plaintiff does not allege that either defendant Sams or Wood removed religious materials or denied requests for religious materials. Ninth, defendants Sams and Wood argue they are entitled to qualified immunity. Finally, they argue that plaintiff's transfer from NCRJ moots his requests for injunctive and declaratory relief.

## IV. Standard of Review

**A.    Section 1983 Claims**

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

4

*Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254–257 (1978)). In *Gomez v. Toledo*, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

*Gomez*, 446 U.S. at 640.

### B.    Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In *Twombly*, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Conley*, 550 U.S. at 555

(citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. (citations omitted), to one that is "plausible on its face," [*Id*. at 570], rather than merely "conceivable." *Id*. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." **Bass v. E.I. DuPont de Nemours & Co.**, 324 F.3d 761, 765 (4th Cir. 2003) (citing **Dickson v. Microsoft Corp.**, 309 F.3d 193, 213 (4th Cir. 2002); **Iodice v. United States**, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in **Ashcroft v. Iqbal**, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. *Id*.

C.  **Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need

for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." ***Anderson***, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts*." **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); ***Celotex Corp.***, 477 U.S. at 323–25; ***Anderson***, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." ***Anderson***, 477 U.S. at 249 (citations omitted).

## V. Analysis

Under the PLRA, a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, must first exhaust all available administrative remedies. 42 U.S.C. § 1997e (a). "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." ***Porter v. Nussle***, 534 U.S. 516, 524 (2002). "In 1996, as part of the PLRA, Congress invigorated the exhaustion prescription. The revised exhaustion provision, titled 'Suits by prisoners,' states: 'No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" 534 U.S. at 524 quoting 42 U.S.C. § 1997e(a). The Supreme Court of the United States

has determined that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." **Porter v. Nussle**, 534 U.S. 532 (2002).

"Failure to exhaust is an affirmative defense under the PLRA, and inmates are not required to specially plead or demonstrate exhaustion in their complaints." **Jones v. Bock**, 549 U.S. 199, 199 (2007). As such, the burden is on the defendant to prove that there was an available administrative remedy that the petitioner failed to use. However, "[i]If the defendant makes that showing, the burden shifts to the inmate to present facts demonstrating that administrative remedies were not actually 'available' to him." **Ferguson v. Clarke**, No. 7:14-CV-00108, 2016 WL 398852, at *2 (W.D. Va. Jan. 5, 2016) (Hoppe, M.J.), *report and recommendation adopted*, No. 7:14CV00108, 2016 WL 397895 (W.D. Va. Jan. 29, 2016) (Urbanski, J.) (citing **Graham v. Gentry**, 413 Fed.Appx. 660, 663 (4th Cir. 2011)) *see also* **Tuckel v. Grover**, 660 F.3d 1249, 1254 (10th Cir. 2011) ("Once a defendant proves that a plaintiff failed to exhaust, however, the onus falls on the plaintiff to show that remedies were unavailable to him as a result of intimidation by prison officials.").

"Under Rule 12(b) of the Federal Rules of Civil Procedure, when matters outside the pleadings are submitted with a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), 'the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.' . . . When a party is aware that material outside the pleadings is before the court, the

8

party is on notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment." *Gay v. Wall*, 761 F.2d 175, 177 (4th Cir. 1985) (citations omitted).

Here, defendants Sams and Wood have shown that plaintiff has failed to exhaust administrative remedies. At the time of filing this suit, plaintiff was an Ohio state inmate and was therefore subject to the exhaustion requirements of the PLRA. As attested to in the affidavits by Joseph Wood, the Superintendent of North Central Regional Jail, and Lawrence Pettey, Corrections Program Specialist at the West Virginia Division of Corrections and Rehabilitation ("WVDOC"), the WVDOC maintains a grievance procedure for inmates to challenge any aspect of their confinement. *See* [Docs. 20-1, 20-2]. Under this process, a prisoner must submit a grievance by mail, by depositing it in a grievance box located at the facility, or by handing the grievance to a WVDOC employee, within fifteen days of the occurrence. [Doc. 20-1 at 5–6]. The Unit Manager must then provide an answer to the grievance within five days; if no response is provided in that time frame, the inmate may treat the non-response as a denial. [Id. at 7, 9]. If the issue is not resolved, the inmate may then file an appeal to the Superintendent of the facility within five days, who in turn has five days to respond to the appeal. [Id. at 9]. Finally, within five days of receiving the Superintendent's response, the inmate may file an appeal to the Commissioner of the Division of Corrections and Rehabilitations. [Id. at 10]. According to the submitted affidavits, plaintiff did not appeal any grievance at either the Superintendent level or the Commissioner level during the relevant time period. *See* [Docs. 20-1 at 1; 20-2 at 2]. Thus, plaintiff clearly has not fully exhausted his administrative remedies prior to bringing this lawsuit.

In plaintiff's response, plaintiff does not dispute that he has not fully exhausted

administrative remedies. Instead, plaintiff raises a number of questions he contends warrant discovery, including whether grievance forms and writing materials were given and whether plaintiff was prevented from exhausting his grievance. [Doc. 22 at 10]. Plaintiff acknowledges that he was on notice that because of defendants' inclusion of affidavits, this Court will consider the affidavits and convert the defendants' motion into one for summary judgment but asks that if this Court determines the issue of exhaustion at the current stage, he be permitted the opportunity to produce additional evidence. [Doc. 22 at 9].

Under *Gay v. Wall*, when a motion under 12(b)(6) is treated as one for summary judgment, parties must be given "reasonable opportunity" to present pertinent material. 761. F.2d at 177. This requires that the parties be given some indication that the Court is treating the motion as one for summary judgment, with the right for the opposing party to file counter affidavits or pursue reasonable discovery. *Id*. However, as this Court has previously summarized,

> The conversion is "governed by principles of substance rather than form. The essential inquiry is whether the [opposing party] should reasonably have recognized the possibility that the motion might be converted into one for summary judgment or was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings." *In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir.1985).

*Zavolta v. Henderson*, No. 5:11CV55, 2011 WL 1790492, at *1 (N.D. W.Va. May 10, 2011) (Stamp, J.). Here, plaintiff was clearly not "taken by surprise" and was aware that the motion would be converted into one for summary judgment. Defendants Sams and Wood submitted affidavits outside the pleadings and plaintiff's response noted that this puts the opposing party on notice that the Court would convert the motion into one for summary judgment. *See* [Doc. 22 at 9]. Indeed, plaintiff addressed these affidavits by

arguing that there were "questions of material fact" as to the availability of administrative remedies, so there is no question that plaintiff was aware that the motion would be converted into one for summary judgment. Because the defendants included affidavits on the issue of exhaustion, the undersigned finds that converting the motion to dismiss into one for summary judgment is appropriate. Further, the undersigned finds that plaintiff was already on notice that the motion would be considered a motion for summary judgment as to the issue of exhaustion of administrative remedies.

The undersigned further finds that through the submitted affidavits, defendants Sams and Wood have made a showing that plaintiff failed to utilize available administrative remedies. Accordingly, plaintiff has the burden of presenting *facts* demonstrating that the administrative remedies were not actually available to him. Plaintiff has clearly not met this burden. Plaintiff does not present any facts or even assert any allegations of how remedies were not available to him.

Plaintiff cites to **Baxley v. Jividen**, 508 F. Supp. 3d 28 (S.D. W.Va. 2020) (Chambers, J.) for the proposition that "administrative remedies were not available in regional jails across the state of West Virginia" in December 2020. [Doc. 22 at 9]. Plaintiff acknowledges that **Baxley** is not dispositive as to the issue of whether the grievance process was available to plaintiff in this case. [Id.]. The undersigned notes that the process described in **Baxley** is significantly different than the procedures submitted by defendants, which are dated May 27, 2022, and October 8, 2021. For example, plaintiffs in **Baxley** pointed out that the procedure in place at the time:

> require[d] inmates to request a written form, fill it out, and give it to a jail personnel who will transmit it to an "Administrator." . . . In reality, there is no one with the title of "Administrator," and inmate grievances must be completed on electronic kiosks.

***Baxley***, 508 F. Supp. 3d at 49.  The ***Baxley*** court found that the process provided to inmates in the Inmate Handbook was "entirely different" from the one they were expected to follow, and that there was no way an inmate could discern or navigate the process.  ***Id***. at 51.  Defendant's exhibits show that a different grievance process has since been put in place, and plaintiff does not argue that the current process is similarly opaque.  Plaintiff argues that "Courts have regularly rejected early motions seeking to dismiss or grant summary judgment in cases on failure to exhaust where inmates have demonstrated that a question of fact exists as to whether the administrative remedies were available to him." [Doc. 22 at 10–11].  Here, though, plaintiff has not demonstrated that a question of fact exists.  Plaintiff asks that if this Court decides with determining the issue of exhaustion at this stage that he be provided the opportunity to produce declarations and exhibits to support his contention that administrative remedies were not available.  [Doc. 22 at 9, n. 5].  As set forth above, plaintiff was clearly on notice that the Court would construe the motion as one for summary judgment on this issue.  The undersigned finds that plaintiff is essentially seeking a second bite at the apple which the Court should decline to provide.  Further, because the failure to exhaust applies to all claims in this case, the Complaint should be dismissed as to all defendants.

Finally, the Court notes that also pending before this Court is a Motion to Permit Counsel to Effectuate Service [Doc. 6], filed October 7, 2022.  The Court notes that since the filing of this Motion, all defendants have entered Waivers of Service and made appearances in this case; accordingly, the motion is moot.

## VI. Recommendation

For the reasons set forth above, the undersigned **RECOMMENDS** that Defendants

Shannon Sams and Superintendent Joseph Wood's Motion to Dismiss Plaintiff's Complaint [**Doc. 20**] be converted into a motion for summary judgment, that the motion be **GRANTED**, and that this case be **DISMISSED** for failure to exhaust administrative remedies. The undersigned further recommends that Defendants Timothy Tibbs and Michael Costello's Motion for Judgment on the Pleadings [**Doc. 24**] and plaintiff's Motion to Permit Counsel to Effectuate Service [**Doc. 6**] be **DENIED AS MOOT**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is **DIRECTED** to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further **DIRECTED** to provide copies of this Report and Recommendation to all counsel of record herein.

**DATED**: March 29, 2023.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE